FILED
02 AUG 26 PM 3:32
U.S. DISTRICT COURT
N.D. OF ALABAMA
ENTERED
AUG 26 2002

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| JEAN FULLER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.: CV-01-S-1231-NE |
| ) | |
| UNITED WISCONSIN LIFE ) | |
| INSURANCE COMPANY; AMERICAN ) | |
| MEDICAL SECURITY, INC.; THE ) | |
| OATH - A PLAN FOR ALABAMA, ) | |
| INC. f/k/a HEALTH PARTNERS OF ) | |
| ALABAMA, INC.; PROAMERICA ) | |
| MANAGED CARE, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This action is before the court on various motions, including defendants' motion to dismiss (doc. no. 18); defendants' motion to allow additional argument in response to motion to remand (doc. no. 17); plaintiff's motion to remand (doc. no. 5); defendants' motion to strike claims for extracontractual and punitive damages (doc. no. 3); and, defendants' motion to strike jury demand (doc. no. 2).

Plaintiff, Jean Fuller, originally filed this action in the Circuit Court for Cullman County, Alabama. Her complaint is founded on a single state law claim: she asserts that defendants, United Wisconsin Life Insurance Company ("United Wisconsin"), American Medical Security, Inc.("AMS"), The OATH — a Health Plan for Alabama, Inc. ("OATH"), f/k/a/ Health Partners of Alabama, Inc., and ProAmerica Managed Care, Inc. ("ProAmerica"), intentionally and in bad faith refused to pay her medical insurance claims.[1]

---

[1] *See* Complaint at Count 1.

Plaintiff was an insured of defendants United Wisconsin and/or AMS on October 1, 1998.[2] During December of 1998, plaintiff was diagnosed with breast cancer, and underwent chemotherapy, a mastectomy, and other treatments throughout 1998, 1999, and 2000. In April of 1999, plaintiff's employer changed its insurance provider, and began offering coverage through OATH.[3] Plaintiff submitted her medical claims for these treatments to defendants throughout her treatment process. Defendants have refused to pay these claims on the grounds that plaintiff's breast cancer constitutes a pre-existing condition.[4]

Defendants removed the action to this court pursuant to 28 U.S.C. § 1441, alleging that jurisdiction "arises under an Act regulating commerce," namely the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA").[5] Plaintiff contends that the action should be remanded to the Cullman County Circuit Court, and argues that her state law claim for defendants' bad faith refusal to pay her insurance claims is exempt from ERISA preemption under the savings clause within that statute, 29 U.S.C. § 1144(b)(2)(A).[6] The parties do not dispute the fact that the insurance policies provided by these defendants constitute an "employee welfare benefit plan" under ERISA, 29 U.S.C. § 1002.[7]

Congress passed ERISA in order to safeguard "participants in employee benefit plans and their beneficiaries, by requiring the disclosure and reporting to participants and beneficiaries of financial and other information . . . and by providing for appropriate remedies, sanctions, and ready

---

[2] *See id.* at 2.

[3] *See* Plaintiff's Reply Brief at 2.

[4] *See* Complaint at 3.

[5] Notice of Removal at 2.

[6] *See* Motion to Remand at 1.

[7] *See* Notice of Removal at 2; Plaintiff's Reply Brief at 2.

2

access to the Federal courts." 29 U.S.C. § 1001(b) (1994). The statute specifically defines the "employee welfare benefit plan[s]" within ERISA's purview as including "any plan, fund or program . . . established or maintained by an employer . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . medical, surgical, or hospital care or benefits in the event of sickness, accident, disability, death or unemployment . . . ." *Id.* § 1002(1).

ERISA's reach is strengthened by the statute's preemption clause, which provides that ERISA will supersede "any and all State laws as they may now or hereafter relate to any employee benefit plan . . . ." *Id.* § 1144(a). Federal preemption of state laws under ERISA is not without its limitations, however. The statute includes a savings clause providing that: "Except as provided in subparagraph B, nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State *which regulates insurance* . . . ." *Id.* § 1144(b)(2)(A) (emphasis supplied). In essence, "[i]f a state law relates to employee benefit plans, it is preempted. The savings clause excepts from the preemption clause laws that regulate insurance." *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 47, 107 S. Ct. 1549, 1553, 95 L.Ed.2d (1987) (citations and emphasis omitted).

Upon consideration of all matters submitted by the parties, the court is compelled by binding precedent to conclude that defendants' motion to dismiss plaintiff's state-law, bad-faith claim is due to be granted. *See Walker v. Southern Company Services, Inc.*, 279 F.3d 1289, 1293-94 (11th Cir. 2002) (analyzing Alabama's tort of bad faith, and concluding that, while the Alabama bad faith tort "relates to employee benefits," the tort action "does not regulate insurance," and thus is preempted by ERISA); *Gilbert v. Alta Health & Life Insurance Co.*, 276 F.3d 1289, 1296-1301 (11th Cir. 2001)

3

(conducting thorough review of Alabama bad faith tort action under ERISA analysis, and concluding that the Alabama tort "does not regulate insurance," and thus is preempted by ERISA). Plaintiff's claim is preempted by ERISA and is due to be dismissed. An appropriate order consistent with this memorandum opinion will be issued contemporaneously herewith.

DONE this 26th day of August, 2002.

_____
United States District Judge